SUPREME COURT.  Broome General Term, January, 1865.
*Parker, Mason* and *Balcom,* Justices.

THE PEOPLE, plaintiffs in error, *v.* JAMES W. CYPHERS,
defendant in error.

Where a grand jury was drawn and summoned, and attended and acted as such,
at a term of a Court of Sessions appointed by the county judge, to be held
at the same time as a county court, the proceedings were held to be valid,
although the county judge had omitted to designate in his order that a grand
jury was required to attend at that term; and a plea in abatement, setting up
such omission as an objection to the validity of an indictment, was, on demur-
rer, overruled.

When the justices, elected to act as justices of the Sessions, fail to appear at
the time appointed for the commencement of a term of a Court of Sessions,
the county judge has power to designate two other justices of the peace to
act as justices of the Sessions, instead of adjourning over the court until the
next day.

Form of a writ of error in behalf of the People, with an order that the prisoner
be retained in custody, indictment for murder, with special pleas in abatement
and demurrer thereto.

THIS case comes before the court on a writ of error sued
out in behalf of the People.  The writ of error, with the
allowance thereof, and the order to retain the prisoner in
custody, were as follows:

*The People of the State of New York, by the Grace of God*
[L. S.] *Free and Independent, to the Court of Oyer and Terminer*
*in and for the county of Otsego:*

Because, in the record and proceedings, and also in the giv-
ing of judgment on a certain indictment, which was in our
said Court of Oyer and Terminer, before you, against James
W. Cyphers, for the crime of murder, manifest error hath
intervened, to the great injury of the said People of the
State of New York, as by our district attorney we are
informed; we being willing that the error, if any there be,
should be corrected, and full and speedy justice done in the
premises between us and the said James W. Cyphers, in this
behalf, do command you that if judgment be thereupon given,
then you send to our justices of our Supreme Court for the

The People *v.* Cyphers.

sixth judicial district, distinctly and openly under your seal, the records and proceedings upon the indictment aforesaid, with all things concerning the same and this writ, so that they may have them at the court house in the village of Binghamton, on the 4th Tuesday of January next, that the records and proceedings aforesaid being inspected, we may cause to be further done thereupon for correcting that error, what of right, and according to the law and custom of the State of New York ought to be done.

Witness, WM. W. CAMPBELL, one of the justices of our said court, at Cooperstown, this 12th day of December, A. D. 1864.

D. A. AVERY, *Clerk.*

J. A. LYNES, *District Attorney.*

[INDORSED.]

I do hereby allow the within writ of error, and do further order and expressly direct that the said writ of error and this allowance thereof, do operate as a stay of proceedings on the judgment upon which such writ of error is brought; and the sheriff of the county of Otsego is therefore hereby ordered to retain and hold the prisoner, James W. Cyphers, in his custody until the further order of the Supreme Court on this writ of error. Dated, December 12, 1864.

WM. W. CAMPBELL, *Justice Supreme Court.*

Filed, December 12, 1864.

By return to the writ of error, it appeared that an indictment for murder had been found against the prisoner as follows:

*State of New York, Otsego County, ss:*

At a Court of Sessions, held at the court house, in the village of Cooperstown, in said county of Otsego, the 10th day of February, in the year of our Lord, one thousand eight hundred and sixty-four, before E. E. Ferrey, county judge of Otsego county, and Charles H. Williamson and Perry P. Rogers, Esquires, justices of the peace of the county of Otsego, duly designated as members of the Courts of Sessions of said county, all justices assigned to keep the peace in and

for said county, and also to hear and determine divers felonies, trespasses and misdemeanors in said county committed.

The jurors of the People of the State of New York, in and for the body of the county of Otsego, being then and there sworn and charged upon their oaths, present that James W. Cyphers, late of the town of Maryland, county of Otsego, and State of New York, laborer, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, on the 27th day of January, in the year one thousand eight hundred and sixty-four, with force of arms, at the town of Maryland, in the county of Otsego aforesaid, in and upon one Patrick Callahan, in the peace of God, and of the said People of the State of New York, then and there being, then and there feloniously, willfully, and of malice aforethought, did make an assault; and that he, the said James W. Cyphers, then and there, with both his hands, the said Patrick Callahan, in and upon the head, neck and breast of him, the said Patrick Callahan, feloniously and willfully, and of his malice aforethought, did strike and beat; and that the said James W. Cyphers, then and there, with both his hands and feet, the said Patrick Callahan so, and upon the floor, feloniously, willfully, and of his malice aforethought, did knock, cast and throw; and the said Patrick Callahan so on the floor lying and being, he, the said James W. Cyphers, with both his hands, knees and feet in and upon the head, neck, breast, stomach, back and sides of him, the said Patrick Callahan, did then and there feloniously, willfully, and of his malice aforethought, knock, cast and throw; and the said Patrick Callahan so on the floor lying and being, he, the said James W. Cyphers, with both his hands, knees and feet, in and upon the head, neck, breast and stomach, back and sides of him, the said Patrick Callahan, did then and there feloniously, willfully, and of his malice aforethought, strike, beat, stamp, kick, press, and by the said striking, beating, stamping, kicking, pressing, giving to the said Patrick Callahan several mortal wounds and bruises in and upon the breast and stomach of the said Patrick Callahan, of which said several mortal

wounds and bruises, he, the said Patrick Callahan, from about 9 o'clock in the evening of the 27th day of January, 1864, until about nine o'clock in the morning of the 28th day of January, 1864, did languish, and languishing did live. On which said 28th day of January, 1864, the said Patrick Callahan, at the town of Maryland, in the county aforesaid, of the several mortal wounds and bruises aforesaid, died.

And so the jurors aforesaid, upon their oaths aforesaid, do say that the said James W. Cyphers, on the day and year aforesaid, in manner and form aforesaid, the said Patrick Callahan feloniously, willfully, and of his malice aforethought, did kill and murder, contrary to the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

' (There were three other counts in the indictment.)

J. A. LYNES, *District Attorney.*

The indictment was sent to the Otsego Oyer and Terminer for trial, when the record showed the following entries and pleadings :

And afterwards, to wit, on the 23d day of June, 1864, and in and during the next term of the said Court of Oyer and Terminer, before RANSOM BALCOM, one of the justices of the Supreme Court, presiding justice, E. E. Ferrey, county judge of Otsego county, and Perry P. Rogers and Charles H. Williamson, justices of the peace of said county, duly designated as members of the Court of Sessions, before the justices aforesaid, at the court house aforesaid, came the said James W. Cyphers in his own proper person, and being brought to the bar here in his own proper person, and arraigned upon the aforesaid indictment, and hearing the said indictment read, and being asked whether he demanded a trial upon the said indictment, answered that he did require and demand a trial thereon, and says that he is not guilty thereof, and, therefore, for good or ill is put upon the country.

And James A. Lynes, Esq., district attorney in and for the said county of Otsego, who prosecutes on behalf of the People of the State of New York, in their behalf, doth the like.

And thereupon the said indictment is continued in the said court before the justices thereof, until the 9th day of December, 1864, and thereupon at a term of the said Court of Oyer and Terminer held at the court house in Cooperstown, in and for the county of Otsego, before WM. W. CAMPBELL, one of the justices of the Supreme Court, presiding justice of the said Court of Oyer and Terminer, Elijah E. Ferrey, county judge of the county of Otsego, Perry P. Rogers and Miner Spicer, justices of Sessions and duly designated as members of the said court, comes the said James W. Cyphers, in his own proper person, and by his counsel, Louis L. Bundy and Hezekiah Sturges, and the said James A. Lynes, district attorney, likewise comes.

And thereupon, and before a jury had been sworn, the said James W. Cyphers by his said counsel, asked and obtained leave of the court to withdraw his aforesaid plea of not guilty, and to plead in abatement.

And the following pleas were then interposed by the said James W. Cyphers:

OTSEGO OYER AND TERMINER.

| The People of the State of New York<br>*v.*<br>James W. Cyphers. |
|---|

And the said James W. Cyphers, in his own proper person, comes into court here, and having heard the said indictment read, says: That the said court here ought not to take cognizance of the said alleged murder and felony in the said indictment above specified, because, protesting that he is not guilty of the same; nevertheless the said James W. Cyphers says, that the said indictment was not found or presented by any grand jury duly impanneled, charged and sworn at the said term of the Court of Sessions at which the said indictment purports to have been found and presented, because no order of the county judge of the said county of Otsego, was, or had been made, filed, or published, designating the said February term of the said Court of Sessions as one of the terms at which a grand jury should be required to attend, and no order

The People *v.* Cyphers.

designating or appointing a Court of Sessions for the said month of February, 1864, otherwise than by an order, of which the following is a copy:

· " *Terms of County Court and Court of Sessions — State of New York, Otsego County:* It is ordered that the terms of the County Court and Court of Sessions, in and for the county of Otsego, be held at the court house in the village of Cooperstown, for the years.1864 and 1865, at the following times, to wit:

" A County Court and Court of Sessions on the second Monday of February, and the first Monday of August in each year. A term of the County Court on the third Tuesday in May, and the fourth Tuesday in November in each year.

"E. M. HARRIS,

"County Judge of Otsego County.

" Dated December 28, 1863."

And this he, the said James W. Cyphers, is ready to verify.

Wherefore, he prays judgment, if the said court, now here, will, or ought to take cognizance of the indictment aforesaid, and that by the court here, the same may be quashed, and the said James W. Cyphers dismissed and discharged therefrom.

And for a further plea in this behalf, by leave of the court first had and obtained, the said defendant, James W. Cyphers, says: That the said instrument, purporting to be a bill of indictment, was not found by any grand jury, duly impanneled, charged and sworn to inquire for the People of the State of New York, and for the body of the county of Otsego, because he says that no order was made by the county judge of the said county of Otsego, designating, appointing, or requiring a grand jury to be drawn or summoned to attend a Court of Sessions, appointed by the said county judge, to be held in and for the said county of Otsego, on the second Monday, 8th day of February, 1864, and that an order, of which the following is a copy, was the only order made by the said county judge appointing or designating a Court of Sessions, to be held in and for the said county, at the time aforesaid, that is to say :

(Here the order of the county judge was again set forth as above.)

And which said order was made by the said county judge and signed by him on the 28th day of December, 1864, and in and by which order no grand jury was designated, required or appointed to be drawn, or summoned to attend the said February term of the Court of Sessions.

And this the said James W. Cyphers is ready to verify.

Wherefore, because the said alleged bill of indictment was not found by any grand jury duly impanneled, charged and sworn to inquire for the People of the State of New York, and for.the body of the county of Otsego, the said defendant prays judgment of the said bill of indictment, and that the same may be quashed, and the said defendant may, by the court here, be dismissed and discharged.

And for a further plea in this behalf, by leave of the court first had and obtained, the said defendant says : That the said instrument, purporting to be a bill of indictment, was not found at any term of the Court of Sessions legally held in and for the county of Otsego, because, he says, that on the 28th day of December, 1863, the then county judge of the said county of Otsego made an order appointing a Court of Sessions to be held in and for the county of Otsego, in and for the years 1864 and 1865, of which order the 'following is a copy, that is to say :

(Then the order of the county judge was. again set forth as above.)

And the said defendant further says : That no other, further or different order than the above was made by the said county judge, appointing or designating the time or times of holding the said Courts of Sessions in and for the years 1864 and 1865, or for the holding of a Court of Sessions in the said year 1864; and that the said second Monday of February, in the year 1864, occurred on the 8th day of the said month.

And this defendant further says : That on the said second Monday of February, and eighth day of said month, the time designated in the aforesaid order for the holding of said Court

of Sessions, a sufficient number of persons authorized to hold a Court of Sessions did not attend at the court house, in Cooperstown, in said county, for that purpose, before five o'clock in the afternoon of that day, but that one of the persons authorized to form a part of the said Court of Sessions, to wit, E. E. Ferrey, county judge of said county of Ostego, did attend at the time and place aforesaid, to wit, on the 8th day of February aforesaid, at ten o'clock in the forenoon of that day, and Perry P. Rogers and Charles P. Williamson, justices of the peace of said county of Otsego, duly elected and designated as members of the said Court of Sessions, at a general election duly held in and for the county of Otsego, in the month of November, in the year 1863, did not, nor did either of them, attend the said Court of Sessions at the time and place aforesaid ; and the said county judge did then and there, in the absence of the said two justices of the Sessions, proceed to and did designate two other justices of the peace, not members of the said Court of Sessions, to wit, Hiram Kinne, Esq., and Ezra W. Bushnell, Esq., to act with him, the said county judge, to constitute and form a Court of Sessions, and did then and there, together with the said two justices designated by him, open the said Court of Sessions, and then and there, to wit, on the said 8th day of February aforesaid, at ten o'clock in the forenoon of that day, did adjourn the said Court of Sessions until the 10th day of February aforesaid, at ten o'clock in the forenoon, at the court house aforesaid.

And the said defendant further says: That at the time and place last aforesaid, to wit, the 10th day of February, at ten o'clock in the forenoon, the said Court of Sessions convened at the place aforesaid, and the said grand jury, by which the said bill of indictment purports to be found, was then and there impanneled, charged and sworn for the first time, at or during the said February term of the said Court of Sessions.

And this the said defendant is ready to verify.

Wherefore, because the said alleged bill of indictment was never found at any Court of Sessions legally had or consti-

tuted, or by any grand jury duly and legally impanneled, charged and sworn to inquire for the People of the State of New York, and for the body of the county of Otsego, the said defendant prays judgment of the said bill of indictment, and that the same may be quashed, and the said defendant dismissed and discharged therefrom.

And for a further plea in this behalf, by leave of the court first had and obtained, the said defendant says: That the said alleged bill of indictment was never presented to any court of competent criminal jurisdiction, or to any Court of Sessions legally organized and held, nor by any grand jury duly impanneled, charged and sworn to inquire for the People of the State of New York, and for the body of the county of Otsego, because he says that a Court of Sessions was appointed to be held in and for the county of Otsego, at the court house in Cooperstown in said county, on the 8th day of February, in the year 1864, by an order theretofore made, filed and published, in accordance with the statute in such case made and provided, by the county judge of said county, and at the time and place aforesaid, the county judge of the said county and two justices of the peace, then and there designated by him, to wit, Hiram Kinne and E. W. Bushnell, Esqrs., pretended to and did then and there assume to organize a Court of Sessions in and for said county, by the usual proclamation, and did then and there adjourn, or assume to adjourn, the said Court of Sessions, until the 10th day of February aforesaid, at ten o'clock in the forenoon, at the court house in said county, at which last mentioned time and place the Court of Sessions described in the caption to the said alleged bill of indictment, convened and organized, and the said grand jury, by whom the said alleged bill of indictment was presented to the said court, was then and there impanneled, charged and sworn, and at no other time or place and before no other court.

And the said defendant further says: That Perry P. Rogers and Charles H. Williamson, Esqrs., two justices of the peace of the county of Otsego, had, prior to the said 8th day of February aforesaid, been duly and legally elected and designated

The People *v.* Cyphers.

as members of the Court of Sessions in and for the county for and during the year 1864. And this the said defendant is ready to verify.

Wherefore, because the said alleged bill of indictment was not presented by any grand jury duly and legally impanneled, charged and sworn to inquire for the People of the State of New York, or for the body of the county of Otsego, nor to any Court of Sessions duly and legally organized and held, the said defendant prays judgment of the said bill of indictment, and that the same may be quashed.

JAMES W. CYPHERS.

*Otsego County, ss:*

*James W. Cyphers,* the above named defendant, being sworn, says that the foregoing pleas are true in substance and matter of fact.

JAMES W. CYPHERS.

Sworn before me this 10th day } of December, 1864, }

D. A. AVERY, *Clerk of Otsego county.*

And afterwards, to wit, on the same day, and before the justices aforesaid, the defendant, James W. Cyphers, admitted and conceded the following facts:

That the 9th day of February, 1864, was the day on which the annual town meetings in and for the county of Otsego were to be held by law, and that they were so held.

That a grand jury had been drawn in the usual form, and summoned by the sheriff at the usual time, and that said grand jury appeared on Wednesday, the 10th day of February, 1864, and were charged and sworn, and did act as a grand jury, and presented the indictment in question.

And thereupon the said James A. Lynes, district attorney as aforesaid, interposed a demurrer to the pleas of the defendant, the said James W. Cyphers, of which the following is a copy:

OTSEGO OYER AND TERMINER.

The People of the State of New York }
        *v.* }
    James W. Cyphers. }

And James A. Lynes, district attorney of Otsego county, who prosecutes for the People of the State of New York in

this behalf, as to the said plea of the said James W. Cyphers, by him above pleaded, says: That the same, and the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law to bar or preclude the said People from prosecuting the said indictment against him, the said James W. Cyphers, and that the said People are not bound, by the law of the land, to answer the same; and this he, the said James A. Lynes, who prosecutes as aforesaid, is ready to verify.

Wherefore, for want of a sufficient plea in this behalf, he, the said James A. Lynes, for the said People, prays judgment, and that the said James W. Cyphers may be convicted of the premises in the said indictment specified.

                    JAS. A. LYNES, *Dist. Att'y.*

And thereupon the defendant, the said James W. Cyphers, joined in said demurrer, and the same was then and there argued before the justices aforesaid, by the said Louis L. Bundy and Hezekiah Sturges for the said James W. Cyphers, and by the district attorney aforesaid, for the said People.

Whereupon all and singular the premises being seen, and by the same justices being fully understood, it is considered by the said justices that the demurrer to the first and second pleas of the defendant, the said James W. Cyphers, be overruled, and the pleas sustained, and the indictment be quashed, and the prisoner discharged.

That the demurrer to the third and fourth pleas be sustained and the pleas overruled.

*L. I. Burditt*, for the People.

I. The county clerk is by law required to draw the names of twenty-four persons to attend every term of the Court of Sessions, which is not by the county judge designated as term, at which no grand jury is required to attend. (3 *R. S., 5th ed.*, page 1013, § 10; *Id.*, 490, § 32.)

The sheriff is also required to summon the jurors so drawn. (3 *R. S.*, page 490, §§ 12–25; *see also* 3 *R. S.*, page 306, § 31; *Id.*, 490, § 31; *Id.*, 301, §§ 1; 2.)

The People *v.* Cyphers.

By a careful reading of the above statutes it will be seen that the county judge did not comply with the requirements thereof, in not designating any of the terms for which a jury should be required to attend. Neither did he designate any of the terms as being terms for which no jury should be required to attend.

Therefore, it being the duty of the clerk to draw, and of the sheriff to summon, a grand jury to attend the appointed terms of said Court of Sessions not thus designated, it would seem that the jury was properly and legally impanneled.

II. No challenge or objection to the array of the grand jury can now be taken. (*The People* v. *Robinson*, 2 *Park. Cr. R.*, 309; 3 *R. S.*, *page* 1016, §§ 27, 28.

III. The county judge is authorized and empowered, in the absence of the justices of the Sessions, or either of them, to fill the vacancy on the bench by the appointment or designation of justices of the peace. (*Laws of* 1847, *chap.* 280, 470, §§ 35, 40.)

The county judge alone can open and hold a Court of Sessions for certain purposes. (3 *R. S.*, *page* 1042, § 49.)

At the adjourned day when the grand jury was impanneled, charged and sworn, the justices of the Sessions were upon the bench, and also when the indictment was presented.

Neither of the objections taken can be sustained.

The prisoner has not in any manner been prejudiced.

The pleas should be overruled, and the demurrer and indictment sustained.

*L. L. Bundy*, for the prisoner.

I. There was no authority for the summoning or drawing a grand jury at the February Sessions, for the reason that the county judge did not, in the order appointing the courts, order or require a grand jury to be summoned.

The Constitution provides that the "county judge, with two justices of the peace, to be designated according to law, may hold Courts of Sessions." (*Art.* 6, § 14, *vol.* 1, *Statutes at Large*, *p.* 53.)

1. By the judiciary act of 1847 it is provided: "And where, in any county, a grand jury shall not by law be required to attend every term of the Court of Sessions, the county judge shall direct which terms of such courts a grand jury shall attend, by an order to be made and published," &c. (4 *Statutes at Large*, 585, § 26.)

If the statute stood as above no grand jury could legally be summoned for a Court of Sessions, only on the order of the county judge, for the reason that neither the Constitution nor any statute then in force required the attendance of a grand jury at a Court of Sessions.

2. But this question would seem to be put at rest by a subsequent statute, which provides that ".Courts of Sessions should be held in the respective counties at such times as the county judge shall, by order, designate, and the county judge shall, in such order, designate at which terms of the Sessions a grand or petit jury, or both, or neither, shall be required to attend, and no jury shall be required to be drawn, &c., to attend any term, &c., which shall be designated, &c., to be held without such jury." (5 *Statutes at Large*, 245, § 1.)

In the *People* v. *Wilcox* (23 *How. Pr. R.*, 297), it was held that an order of the county judge appointing terms of the "County Court" did not embrace a "Court of Sessions," although it is provided "that Courts of Sessions shall be held at the time and place at which County Courts for the trial of issues of fact by a jury shall be held." (4 *Statutes at Large*, 567, § 42.)

And in *People* v. *Moneghan* (1 *Park. Cr. R.*, 577), Judge STRONG says: "Nor since that act (*Stat. of* 1851) can a Court of Sessions be held at any other times, except in pursuance of a previous order of the county judge, made in conformity" with the act, &c., and if such a court cannot be held only in conformity with such an order, it follows that no jury can legally attend only in pursuance of the same authority.

Whether the act of 1847 is repealed by that of 1851 is left undecided in both the preceding cases.

Nor is it material, for the purposes of the present question, whether it is repealed or not.

If the foregoing positions are correct, then it follows that this is not merely a question of irregularity in summoning a jury, but it is a question of power in the officers to draw the jury, and affects the jurisdiction of the court in the premises.

3. A Court of Sessions being one of special and limited jurisdiction, its authority must be strictly pursued. (*People* v. *Koeber*, 7 *Hill R.*, 39; *Cornell* v. *Barnes, Id.*, 35; *People* v. *Powers*, 2 *Seld. R.*, 50, 51; 6 *Wend. R.*, 438; 9 *Id.*, 237.)

4. It does not follow at all that a grand jury must or need attend a Court of Sessions. (See statute before referred to.)

And the statute defining the powers of a Court of Sessions specifies at least eight different acts to be performed by such court, that do not require the presence of a grand jury, or even a petit jury. (2 *Statutes at Large*, 217, § 5, *sub.* 3 *to* 10; 4 *Id.*, 568, § 44.)

II. The adjournment of the court on the 8th day of February to the 10th, was *coram non judice*, and void.

1. It is provided by statute, "that if a sufficient number of persons do not appear by 5 o'clock, authorized to hold a court, the one appearing, or if none appear, the sheriff or clerk shall adjourn to the next day, and if none appear by 5 o'clock that day, court shall be adjourned without day." (2 *Stat. at Large*, 218, §§ 8, 9.)

Under a statute similar to the above, when the Oyer and Terminer was first opened on Wednesday, the Supreme Court held their proceedings *coram non judice*, and void. (*People* v. *Bradwell*, 2 *Cow. R.*, 445; 1 *Laws of* 1823, 210, § 8; 2 *R. S.*, 2d ed., 203, §§ 19, 20; *p.* 202, § 12.)

2. Nor is the foregoing provision weakened, but much strengthened by the provision of the statute, giving Courts of Sessions the same power to adjourn as Courts of Oyer and Terminer. (5 *Stat. at Large*, 250, § 2.)

In reference to Courts of Oyer and Terminer, it is provided that they "may be adjourned to be held at a future day, by an entry to be made in the minutes of the court," and jurors

may be summoned for such adjourned court, &c. (5 *Stat. at Large*, 7, § 24), and by § 25, same page, "every appointment so made," shall be published in Albany three weeks, &c. (*Sess. Laws* 1851, *ch.* 479.)

It is entirely clear, that under either of the foregoing provisions of the statutes, this attempted adjournment is without authority and void.

III. It only remains to examine whether this adjournment can be sustained under the Session Laws of 1847. It is provided that "whenever, at the time appointed for the commencement of any term of Oyer, &c., or at any term of the Court of Sessions, or at any time during such term, if either of the said justices shall not attend, the county judge may, at such term, designate some other justice to supply the vacancy until the justice not attending shall attend ; but such designation shall not authorize the justice designated, to supply the vacancy at any other term. (4 *Stat. at Large*, *p.* 567, § 40 ; *p.* 587, § 35.)

This statute does not authorize the adjournment in this case, for several reasons.

1. It has no reference to organizing for the purpose of an adjournment, but only to enable the court to go on with the business of the term.

2. It does not repeal or affect, or attempt to the general provisions before cited, in reference to adjournment.

3. It only contemplates a case where one of the justices is absent, and nowhere authorizes the judge to appoint two justices to supply a vacancy caused by the absence of both of the "justices designated." The singular number, "justice," is used all through it.

This view is strengthened by the statute authorizing the judge to "designate some other justice," where one is disqualified on a particular trial. (5 *Stat. at Large*, 250, § 2.)

There is no statute that authorizes a judge of Oyer or County Court to designate more than one justice. The pleas should all be sustained, and the defendant discharged.

*By the court*, BALCOM, J. The county clerk is required to draw a grand jury for any term of the County Court, in any county, "at which a Sessions may be held by law." (3 *R. S.*, *5th ed.*, 1013, § 10.) The sheriff must summon the persons so drawn for such a grand jury. (*Id.*, 1014, § 12.)

The question in this case is, was the defendant in error indicted at a Court of Sessions held by authority of law?

The order appointing Courts of Sessions in Otsego county, for the year in which the indictment was found, is as follows: " Terms of County Court and Court of Sessions. State of New York, Otsego county: It is. ordered that the terms of the County Court and Courts of Sessions, in and for the county of Otsego, be held at the court house, in the village of Cooperstown, for the years 1864 and 1865, at the following times, to wit: A County Court and Court of Sessions on the second Monday of February and the first Monday in August, in each year. A term of the County Court on the third Tuesday. in May and the fourth Tuesday in November, in each year. Dated December, 28, 1863. E. M. HARRIS, county judge of Otsego county."

The indictment was found at the February term of the Court of Sessions, in 1864, held on the day designated in the order of the county judge for a term of the County Court and Court of Sessions. But the county judge did not designate in his order that a grand jury was required to attend at that term; and it is claimed by the counsel for the defendant in error that, by reason of this omission, a grand jury was not legally drawn or summoned for such term; and that the defendant in error was, therefore, irregularly and unlawfully indicted at that term.

According to chapter 444 of the Laws of 1851 (*Laws of 1851, p.* 825), " Courts of Sessions, except in the city and county of New York, shall be held in the respective counties, at such times as the county judge of the county shall by order designate."

The county judge having, by order, designated the time and place for holding the Court of Sessions, at which the indict-

ment in question was found, that term of such court was held by authority of law, and hence, a grand jury was legally drawn and summoned therefor, unless the omission of the judge to designate in his order that a grand jury was required to attend at that term, made the attendance of such a jury, at such term, unlawful or irregular.

The statute is, that ." the county judge shall, in such order, designate at which terms of the Sessions a grand or petit jury, or both, or neither shall be required to attend; and no grand or petit jury shall be required to be drawn or summoned to attend any term of the Court of Sessions, which shall be designated by the county judge to be held, without such jury." (*Laws of* 1851, *p.* 825, *chap.* 444.)

I think . this statute is so far directory that an omission by the county judge to make the specified designations, respecting juries, does not render his appointment of the times and places for· holding Courts of Sessions, without such designations, irregular or·invalid. It is only when the order designates a term at which no grand jury is required to attend, that it is unlawful or irregular to draw or summon one for such term. But, if there be no such designation, a grand jury may be drawn and summoned under the statutes I have cited from· the third volume of the 5th edition of the Revised Statutes, pages 1013 and 1014, for each term of the Court of Sessions, specified in the order of the county judge.

In other words, the statute of 1851 authorizes the county judge to dispense with the attendance of a grand jury at certain terms of the Court of Sessions to be specified by him. But his omission to designate terms at which he does not require a grand jury does not make the attendance of such a jury unlawful or irregular at any term of such court, which has been duly appointed by him, because the law is that a grand jury shall be drawn for any term of the County Court . " at which a Sessions may be held by law."

A term of the County Court and a term of the Court of , Sessions were appointed to be held at the same place, and on the same day, in February, 1864, that the indictment in ques-

The People *v.* Cyphers.

tion was found; and a Court of Sessions could lawfully be held at that time without, any jury being designated therefor in the order of the county judge.

The decisions cited from *Parker and Howard's Reports* do not apply to this case, for the reason that no Court of Sessions was appointed in the orders mentioned in them, by which terms of the County Court were designated. (*See* 1 *Park. Cr. R.*, 570; 23 *How. Pr. R.*, 297.)

The next and only remaining question in the case is, whether the county judge could lawfully designate two justices of the peace to act as justices of the Sessions, in the place of those elected, and who failed to appear at the time appointed for the commencement of the term at which the indictment was found.

The statute of 1847 plainly authorized him to make such designations. (3 *R. S.*, 5*th* ed., 296, § 11; *Laws of* 1847, *vol.* 2, 644, § 35.) He could undoubtedly have adjourned the court until the next day, without supplying the vacancies caused by the non-attendance of the justices of the sessions. (*See* 2 *R. S.*, 218, § 8; *Laws of* 1847, *vol.* 1, 330, § 36.) But he was not obliged to do that, for the statute of 1847 authorized him to take the course he pursued.

For the foregoing reasons, I am of the opinion the judgment of the Otsego Oyer and Terminer, overruling the demurrers to the first and second pleas of the defendant in error to the indictment, should be reversed, and such demurrer adjudged valid, and that the judgment of that court, sustaining the demurrers to the third and fourth pleas of the defendant in error to such indictment, should be affirmed, and the indictment, in all respects, held regular and valid, and that the indictment and record should be remitted to the Otsego Court of Oyer and Terminer, and the defendant in error required to appear in that court, and stand trial on the indictment, &c.

Judgment accordingly.[1]

[1] The above decision was affirmed by the Court of Appeals, at the March Term, 1865.